**LEVI & KORSINSKY LLP**
Adam C. McCall (SBN 302130)
Email: amccall@zlk.com
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290

-and-

NICHOLAS I. PORRITT (DC:457601; NY)
Email: nporritt@zlk.com
ADAM M. APTON (DC:1017720; NY)
Email: aapton@zlk.com
1101 30th Street NW, Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 333-2121
(*pro hac vice to be submitted*)

*Attorneys for Movant David Grigsby*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAR MANDALEVY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BOFI HOLDING, INC., GREGORY GARRABRANTS, and ANDREW J. MICHELETTI,<br><br>Defendants. | No. 3:17-cv-00667-LAB-JMA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DAVID GRIGSBY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Date: July 31, 2017<br>Time: 11:30 a.m.<br>Courtroom: 14A (14th Floor-Carter/Keep)<br>Judge: Hon. Larry Alan Burns |

# MEMORANDUM OF POINTS AND AUTHORITIES
# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ..................................................................... 1

II. STATEMENT OF FACTS .............................................................................. 2

  A. THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF .. 3

    1. The Procedure Required by the PSLRA ....................................................... 3

      a. Movant Is Willing to Serve As Class Representative ............................. 5

      b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class ............................................................................................................... 5

    2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ..................................................................................................... 6

      a. Movant's Claims are Typical of the Claims of all the Class Members .. 7

      b. Movant will Adequately Represent the Class .......................................... 8

  B. MOVANT CHOICE OF COUNSEL SHOULD BE APPROVED ............. 9

CONCLUSION ....................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) .................................................................... 1, 5, 6, 7

*Crawford v. Honig,*
  37 F.3d 485 (9th Cir. 1994) ................................................................................ 8

*In re Drexel Burnham Lambert Group*,
  960 F.2d 285 (2d Cir. 1992) ............................................................................... 8

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) ........................................................................ 7

*Gen. Tel. Co. of the Southwest v. Falcon*,
  457 U.S. 147 (1982) ............................................................................................ 8

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ............................................................................ 7

*Haung v. Acterna Corp.,*
  220 F.R.D. 255 (D. Md. 2004) ........................................................................... 7

*Maiden v. Merge Techs., Inc.*,
  No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006) .......... 5

*In re Milestone Sci. Sec. Litig.*,
  183 F.R.D. 404 (D.N.J. 1998) ............................................................................ 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) .......................................................................... 7

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993) ............................................................................... 7

*Takeda v. Turbodyne Techs., Inc.*,
   67 F. Supp. 2d. 1129 (C.D. Cal. 1999) .................................................................. 7

*Weiss v. York Hosp.*,
   745 F.2d 786 (3d Cir. 1984) ............................................................................. 7, 8

**Statutes**

15 U.S.C. § 78u-(a)(3)(A) ................................................................................................ 4

15 U.S.C. § 78u-4(3)(B) .................................................................................................. 9

15 U.S.C. § 78u-4(a) ....................................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B) ..................................................................................... passim

15 U.S.C. § 78u-4(e) ....................................................................................................... 6

**Rules**

Fed. R. Civ. P. 23(a) ............................................................................................... 6, 7, 8

## I. PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned securities class action lawsuit (the "Action") brought on behalf of all persons who purchased or otherwise acquired the common stock of BofI Holding, Inc. ("BofI" or the "Company") between April 28, 2016 and March 30, 2017, inclusive ("Class Period"). Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against: the Company, Gregory Garrabrants ("Garrabrants"), the Company's President, Director, and Chief Executive Officer, and Andrew J. Micheletti ("Micheletti"), the Company's Chief Financial Officer.[1]

Movant David Grigsby ("Movant") lost approximately $ 94,049.42 as a result of the alleged fraud during the Class Period. Movant respectfully submits this memorandum of law in support of his motion for (a) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B) and (b) for approval of his selection of Levi & Korsinsky LLP ("Levi & Korsinsky") as Lead Counsel.

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and have made a *prima facie* showing that he is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant satisfies both requirements.

Movant believes that he has the largest financial interest in the outcome of the case.[2] As such, Movant meets the requirements of the PSLRA for appointment

---

[1] The Action alleges violations under Sections 10(b) and 20(a) of the Exchange Act, as well as Rule 10b-5 promulgated thereunder.

[2] Movant's certification identifying his transactions in BofI securities, as required by the PSLRA, as well as chart detailing his losses are attached to the Declaration of Adam C. McCall, dated June 2, 2017 ("McCall Decl."), as Exhibits

as Lead Plaintiff. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[3]

Accordingly, Movant respectfully submits that he should be appointed lead plaintiff. Additionally, Movant's selection of Levi & Korsinsky as Lead Counsel for plaintiff and the proposed class should be approved by this Court.

## II. STATEMENT OF FACTS

BofI Holding Inc. is a banking holding company headquartered in San Diego, California. Compl. ¶ 2-3.[4] Throughout the Class Period, the Complaint alleges that during the Class Period, the Company made false and/or misleading statements and/or failed to disclose that (i) BofI was engaged in unlawful conduct; (ii) the foregoing conduct, when it became known, would subject the Company to heightened regulatory scrutiny and potential criminal sanctions; and (iii) as a result, BofI's public statements were materially false and misleading at all relevant times. ¶ 4.

At the start of the Class Period on April 28, 2016, BofI filed its quarterly report with the SEC on Form 10-Q for the third fiscal quarter 2016 ("3Q2016 Form 10-Q"). ¶ 18. The 3Q2016 Form 10-Q provided the Company's financial operating results for its third quarter of fiscal year 2016 and included signed certifications

---

1 and 2, respectively.

[3] The Action defines the "Class" as "all those who purchased or otherwise acquired BofI common shares traded on the NASDAQ" during the Class Period. Compl. ¶ 33. The Action excludes from the Class the Defendants, officers, and directors of the Company, members of their families and their affiliates.

[5] Citations to "¶ __" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint") filed in the Action. The facts set forth in the Complaint are incorporated herein by reference.

pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by the Individual Defendants ¶ 18, 21.  Throughout the Class Period, the Company continued to file its periodic reports with the SEC on Forms 10-Q and 10-K on August 25, 2016 for its fourth quarter and total fiscal year 2016 ("2016 Form 10-K"), on October 27, 2016 for its first quarter of fiscal year 2017, and on January 30, 2017 for BofI's second quarter of fiscal year 2017.  ¶22, 24-28.

In the Company's 3Q2016 Form 10-Q, the Company also announced a recent inclusionary amendment to the Company's Code of Ethics.  ¶ 19.  Later, in the Company's 2016 Form 10-K, the Company discussed that it need to comply with "with federal anti-money laundering, tax withholding and reporting, and consumer protection statutes and regulations."  ¶ 23.

However on March 31, 2017 pre-market, the truth emerged when the *New York Post* published the article "Feds probe Bank of Internet for possible money laundering."  ¶ 30.  The article disclosed that the Company was faced with an investigatory probe led by the Justice Department, the SEC, and the Treasury Department regarding possible money laundering. *Id.*   Upon this news, the Company's share price fell $1.45, or approximately 5.26%, to close at $26.13.  ¶ 31.

## ARGUMENT

### A. THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

#### 1. The Procedure Required by the PSLRA

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable."   15 U.S.C. § 78u-4(a)(3)(B)(ii).   The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal

Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-(a)(3)(A) (i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

  (aa) has either filed the complaint or made a motion in response to a notice;

  (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

  (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### a. Movant Is Willing to Serve As Class Representative

On April 3, 2017, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against BofI and certain of its officers and directors, and which advised putative class members that they had sixty days from the date of the Notice to file a motion to seek appointment as a lead plaintiff in the action.[5]

Movant has reviewed the complaint filed in the pending Action and has timely filed his motion pursuant to the Notice.

### b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* McCall Decl., Ex. 2. The movant who "has the largest financial interest in this litigation and meets the adequate and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *Maiden v. Merge Techs., Inc.*, No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635, at *13 (E.D. Wis. Nov. 21, 2006) (citing *In re Cavanaugh,* 306 F.3d at 732).

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90 day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when

---

[6] The Action was filed in this Court on April 3, 2017. On April 3, 2017, the Notice was published over *Globe Newswire*, a widely-circulated national business-oriented wire service. *See* McCall Decl. Ex. 3.

the misstatement was corrected and the date on which the plaintiff sold his shares, if he sold his shares before the end of the 90 day period.  15 U.S.C. § 78u-4(e).

During the Class Period, Movant purchased shares of BofI securities in reliance upon the materially false and misleading statements issued by defendants, and were injured thereby.  Movant suffered a substantial loss of approximately $94,049.42.  *See* McCall Decl. Ex. 2.  Movant thus has a significant financial interest in the outcome of this case.  To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage.  *See Cavanaugh,* 306 F.3d at 730, n.5, 732.  Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage.  *See*

1  *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiffs move for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a. Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the*

1  *Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired BofI securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and were damaged thereby. Thus, his claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig,* 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with

Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead these Action.

### B. MOVANT CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one, and are well-qualified to represent the Class. *See* McCall Decl. Ex. 4 (the firm resume of Levi & Korsinsky).

### CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class in the Actions and (2) approve Levi

& Korsinsky as Lead Counsel for the Class.

Dated: June 2, 2017 Respectfully submitted,

**LEVI & KORSINSKY LLP**

/s/ *Adam C. McCall*
Adam C. McCall (SBN 302130)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: amccall@zlk.com

-and-

Nicholas I. Porritt
Adam M. Apton
1101 30th Street NW, Suite 115
Washington, DC 20007
Tel: (202) 524-4290
Fax: (202) 333-2121
Email: nporritt@zlk.com
Email: aapton@zlk.com
(*to be admitted pro hac vice*)

*Attorneys for Movant David Grigsby and Proposed Lead Counsel for the Class*