Jennifer Pafiti (SBN 282790)
**POMERANTZ LLP**
468 North Camden Drive
Beverly Hills, CA 90210
Telephone:  (818) 532-6499
E-mail: jpafiti@pomlaw.com
*- additional counsel on signature page –*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAR MANDALEVY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BOFI HOLDING, INC., GREGORY GARRABRANTS, and ANDREW J. MICHELETTI,<br><br>Defendants. | No.  3:17-cv-00667-LAB-JMA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE BOFI INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**<br><br>DATE:  July 31, 2017<br>TIME:  11:30 a.m.<br>JUDGE:  Larry Alan Burns<br>CTRM:  14A – 14th Floor |

# **TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT ..................................................................1

II.  STATEMENT OF FACTS ......................................................................2

III.  ARGUMENT ...........................................................................................4

   A.  THE BOFI INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF ..........................................................................................4

      1.  The BofI Investor Group is Willing to Serve as Class Representative ...............................................................................5

      2.  The BofI Investor Group Has the "Largest Financial Interest" ..........6

      3.  The BofI Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ................................7

      4.  The BofI Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses ... 10

   B.  LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ..........................................................................................10

IV.  CONCLUSION .......................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*A.F.I.K. Holding SPRL v. Fass*,
  216 F.R.D. 567 (D.N.J. 2003)..................................................................... 6

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)..................................................................... 9

*Baby Neal v. Casey*,
  43 F.3d 48 (3d Cir. 1994)..................................................................... 8

*Beck v. Maximus, Inc.*,
  457 F.3d 291 (3d Cir. 2006)..................................................................... 8, 9

*Danis v. USN Communs., Inc.*,
  189 F.R.D. 391 (N.D. Ill. 1999)..................................................................... 8

*Fischler v. Amsouth Bancorporation*,
  176 F.R.D. 583 (M.D. Fla. 1997)..................................................................... 8

*Gluck v. Cellstar Corp.*,
  976 F. Supp. 542 (N.D. Tex. 1997) ..................................................................... 8

*Greebel v. FTP Software*,
  939 F. Supp. 57 (D. Mass. 1996)..................................................................... 7

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
  2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004)..................................................................... 6

*In re Comverse Tech., Inc., Sec. Litig.*,
  2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)..................................................................... 6

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp.2d 286 (E.D.N.Y. 1998) ..................................................................... 6, 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ..................................................................... 7

*In re Vicuron Pharms., Inc. Sec. Litig.*,
  225 F.R.D. 508 (E.D. Pa. 2004)..................................................................... 6

*Janovici v. DVI, Inc.*, No. 03-4795,
  2003 U.S. Dist. LEXIS 22315 (E.D.Pa. Nov. 25, 2003)..................................................................... 6

*Lax v. First Merch. Acceptance Corp.*,
   1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)....................................................... 6

*Osher v. Guess ?, Inc.*,
   2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ................................................... 10

*Riordan v. Smith Barney*,
   113 F.R.D. 60 (N.D. Ill. 1986).......................................................................................... 9

## **Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii) ................................................................................ *passim*

## **Rules**

Federal Rules of Civil Procedure Rule 23 ..................................................................... *passim*

Federal Rules of Civil Procedure Rule 42 ............................................................................ 1

Movants Joseph Shepard, David Siebert, Vickie Siebert and Chao Wang (collectively, the "BofI Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) appointing the BofI Investor Group as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired the securities of BofI Holding, Inc. ("BofI" or the "Company") between April 28, 2016 and March 30, 2017, both dates inclusive (the "Class Period"); (2) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

## I.     PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The BofI Investor Group, with losses of approximately $94,038, has the largest financial interest in the relief sought in this action.  The BofI Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as it is an adequate representative with claims typical of the other Class members.

Accordingly, the BofI Investor Group respectfully submits that it should be appointed Lead Plaintiff.

## II.    STATEMENT OF FACTS

BofI Holding, Inc. operates as the holding company for Bank of Internet USA. The Bank provides consumer and business banking products in the United States.

Founded in January 1999, the Company is headquartered in San Diego, California. The Company's common stock trades on the NASDAQ under the ticker symbol "BFOI."

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) BofI was engaged in unlawful conduct; (ii) the foregoing conduct, when it became known, would subject the Company to heightened regulatory scrutiny and potential criminal sanctions; and (iii) as a result, BofI's public statements were materially false and misleading at all relevant times.

On March 31, 2017, pre-market, the *New York Post* published an article entitled "Feds probe Bank of Internet for possible money laundering," disclosing that the Company was the subject of a probe led by the Justice Department and involving the Securities and Exchange Commission and the Treasury Department. The article stated in relevant part:

## Feds probe Bank of Internet for possible money laundering

By Kevin Dugan March 31, 2017 | 1:27am | Updated

Federal agents are conducting a probe into possible money laundering at online lender Bank of Internet, The Post has learned.

The Justice Department, which is leading the investigation, has interviewed at least one former employee of the San Diego-based bank, sources said.

Bank of Internet Chief Executive Gregory Garrabrants, head of the bank since 2007, is also a focus of the probe, sources said. Neither the 18-yearold bank nor Garrabrants has been accused of any criminal activity.

Part of the probe is centered on regulatory filings made by Bank of Internet, also known as BofI, to the Office of the Comptroller of the Currency, according to four people familiar with the matter.

***

"Greg has answered these questions over and over again, and I don't know why you're all of a sudden coming up with all of this silliness, and in pursuit of what?" Eshel Bar-Adon, BofI's chief legal officer, told The Post.

Bar-Adon refused to answer questions about any possible criminal probe, but said the company was "completely unaware" of any indictments in the works.

"Due to false allegations made in short seller hit pieces and pending litigation, agencies routinely ask questions to assure themselves that such allegations are without basis," Bar-Adon added in a written statement. "However, there are no material investigations that would require public disclosure and BofI remains in good regulatory standing."

Spokespersons for the Justice Department and OCC, which is also investigating, declined to comment. The Securities and Exchange Commission and the Treasury Department, also in the probe, didn't answer an e-mail seeking comment.

It's not clear whether any of the probes will result in indictments.

On this news, BofI's share price fell $1.45, or 5.26%, to close at $26.13 on March 31, 2017.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's common shares, Plaintiff and other Class members have suffered significant losses and damages.

## III.  ARGUMENT

### A.  THE BOFI INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The BofI Investor Group should be appointed Lead Plaintiff because it has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the BofI Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.     The BofI Investor Group is Willing to Serve as Class Representative

On April 3, 2017, counsel for plaintiff in the above-captioned action caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of BofI securities that they had until June 2, 2017 to file a motion to be appointed as Lead Plaintiff.  *See* Declaration of Jennifer Pafiti in Support of Motion of the BofI Investor Group for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Pafiti Decl."), Ex. A.

The BofI Investor Group has filed the instant motion pursuant to the Notice, and has attached Certifications signed by its members attesting that they are willing to serve as representatives for the Class, and provide testimony at deposition and trial, if necessary.  *See* Pafiti Decl., Ex. B.  Accordingly, the BofI Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    The BofI Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, the BofI Investor Group believes that it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D.Pa. Nov. 25, 2003); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D.N.J. 2003).

During the Class Period, the BofI Investor Group (1) purchased 22,738 shares of BofI securities; (2) expended $654,478 on its purchases of BofI securities; (3) retained all of its BofI shares; and (4) as a result of the disclosures of the fraud, suffered a loss of

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).  *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

$94,038 in connection with its Class Period purchases.  *See* Pafiti Decl., Ex. C.  Because the BofI Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    The BofI Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."   Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient.  *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).   Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford*

*Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of the BofI Investor Group are typical of those of the Class. The BofI Investor Group alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning BofI, or omitted to state material facts necessary to make the statements they did make not misleading. The BofI Investor Group, as did all members of the Class, purchased BofI securities during the Class Period at prices

artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class."  The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy."  *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

The BofI Investor Group is an adequate representative for the Class. There is no antagonism between the interests of the BofI Investor Group and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Moreover, the BofI Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4.   The BofI Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing the BofI Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
>  (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of the BofI Investor Group to fairly and adequately represent the Class has been discussed above. The BofI Investor Group is not aware of any unique defenses defendants could raise that would render it inadequate to represent the Class. Accordingly, the BofI Investor Group should be appointed Lead Plaintiff for the Class.

### B.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the BofI Investor Group has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  *See* Pafiti Decl., Ex. D.  As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in this Action, the BofI Investor Group's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously.  Thus, the Court may be assured that by approving the selection of Lead Counsel by the BofI Investor Group, the members of the class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, the BofI Investor Group respectfully requests that the Court issue an Order: (1) appointing the BofI Investor Group as Lead Plaintiff for the Class; (2) approving Pomerantz as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: June 2, 2017

**POMERANTZ  LLP**

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
468 North Camden Drive
Beverly Hills, CA 90210
Telephone: (818) 532-6499
E-mail: jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
Hui M. Chang
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: 312-377-1181
Facsimile:  312-377-1184

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile (212) 697-7296
Email:  peretz@bgandg.com

**GOLDBERG LAW PC**
Michael Goldberg
Brian Schall
Sherin Mahdavian
1999 Avenue of the Stars
Los Angeles, California 90067
Suite 1100
Telephone: 1-800-977-7401
Fax: 1-800-536-0065
Email: michael@goldberglawpc.com
Email: brian@goldberglawpc.com
Email: sherin@goldberglawpc.com

*Additional Counsel for Movants*

CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/    Jennifer Pafiti*
Jennifer Pafiti