1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11   BAR MANDALEVY, individually, and        Case No.:  3:17-CV-667-GPC-MSB
     on behalf of all others similarly situated,
12                                            **ORDER:**
                                Plaintiff,
13                                            **(1) PROVISIONALLY APPROVING**
     v.                                       **CERTIFICATION OF THE**
14                                            **PROPOSED SETTLEMENT CLASS;**
     BOFI HOLDING, INC., GREGORY
15   GARRAGBRANTS, ANDREW J.                  **(2) CONDITIONALLY APPROVING**
     MICHELETTI, ESHEL BAR-ADON and           **THE PROPOSED NOTICE FORM**
16   PAUL GRINBERG,                           **AND PROOF OF CLAIM FORM;**
                                Defendants.
17                                            **(3) APPROVING LEAD**
18                                            **PLAINTIFF'S PLAN OF**
                                              **ALLOCATION; AND**
19
20                                            **(4) GRANTING PRELIMINARY**
                                              **APPROVAL OF CLASS ACTION**
21                                            **SETTLEMENT**
22
23
24
25                                            **[ECF No. 87]**
26
     / /
27
28

                                        1

Before the Court is Plaintiffs' Unopposed Motion for Entry of Order Preliminarily Approving Settlement and Establishing Notice Procedures. The Motion is unopposed. *See* ECF No. 87 at 2. On April 15, 2022, the Court held a hearing on this matter. ECF No. 92. For the reasons set forth below, the Court Provisionally approves certification of the proposed Settlement Class for the limited purposes of settlement; conditionally approves the Proposed Notice Form, subject to the revisions consistent with the Court's Order, and the Proof of Claim Form; approves the Plan of Allocation detailed by Lead Plaintiff and Lead Counsel in their moving papers; and **GRANTS** preliminary approval of Parties' settlement of this class action.

## I.    BACKGROUND

### A. Procedural History

On April 3, 2017, Plaintiff Bar Mandalevy ("Plaintiff") filed a putative class action complaint against Defendants BofI Holding, Inc., Gregory Garrabrants, and Andrew J. Micheletti. ECF No. 1. The Court thereafter appointed David Grigsby as Lead Plaintiff (ECF No. 15) and Pomerantz LLP as Lead Counsel (ECF No. 17). On February 20, 2018, Lead Plaintiff filed a Class Action Amended Complaint. ECF No. 27. On July 10, 2018, Lead Plaintiff filed the Second Amended Complaint ("SAC"), which is the operative complaint in this action. ECF No. 38. Among other changes, Plaintiffs added Eshel Bar-Adon and Paul J. Grinberg as Defendants in this action in the SAC. *See* SAC.

Plaintiff's SAC brings two causes of action against Defendants. First, Plaintiffs allege all Defendants are liable for violations of Section 10(b) of the Exchange Act and Rule 10b-5. SAC ¶¶ 160-70. And second, Plaintiffs allege the Individual Defendants violated Section 20(a) of the Exchange Act. *Id.* ¶¶ 171-75. Plaintiff alleges that Defendants made materially false and misleading statements regarding (1) the Company's conduct related to lending to criminals which might have exposed the Company to liability under anti-money laundering statutes (SAC ¶¶ 6-7), and (2) whether federal agencies, including the SEC, DOJ, and FDIC were investigating the Company (*id.* ¶¶ 10-11).

On August 17, 2018, Defendants moved to dismiss Plaintiff's SAC. ECF No. 42. The Court granted Defendants' Motion to Dismiss on December 7, 2018, finding that Lead Plaintiff failed to plead loss causation. ECF No. 50. Plaintiff appealed the Court's order of dismissal, and the Ninth Circuit Court of Appeals reversed the Court's order in part. *Grigsby v. BofI Holding, Inc.*, 979 F.3d 1198, 1208, 1209 (9th Cir. 2020). The Ninth Circuit found that this Court's conclusion that records obtained through FOIA did not qualify as a corrective disclosure was reversible error. *Id.* at 1209. However, the Ninth Circuit agreed that the article in *Seeking Alpha* did not qualify as a corrective disclosure because it contained only public information. *Id.* The Ninth Circuit also noted that the district court addressed only loss causation, and needed to consider scienter on remand. *Id.*

The Court then ordered limited briefing on the issue of scienter. ECF No. 64. On February 3, 2021, Defendants again moved to dismiss the SAC. ECF No. 66. The motion argued that the SAC failed to plead facts that supported Plaintiff's allegation that BofI acted with the requisite scienter when it released its March 31, 2017 press statement in which it denied knowledge of government investigations. *Id.* The Court denied Defendants' motion to dismiss the Section 10(b) claims against BofI ("the Company") and individual Defendants Garrabrants, Micheletti, Bar-Adon, and denied the motion as to the Section 20(a) claim in full. ECF No. 69; *Mandalevy v. BofI Holding, Inc.*, No. 17-CV-667 (GPC) (KSC), 2021 WL 794275, at *8 (S.D. Cal. Mar. 2, 2021). In its denial, the Court found "the SAC, viewed holistically, raise[d] a strong inference that BofI intentionally made the misleading press release statement or acted with deliberate recklessness as to its falsity." *Id.* at *5.

On November 23, 2021, the Parties reached an agreement in principle to settle this action, and filed a Joint Motion to Continue All Deadlines Due to Settlement with this Court on November 24, 2021. ECF No. 84. The agreement was memorialized in a memorandum of understanding ("MOU"), which was executed on December 8, 2021. ECF No. 87-3, Szydlo Decl. Ex. 1 ("Stipulation and Agreement of Settlement") at 5.

("Settlement Stipulation at 5. The Stipulation attached to Plaintiff's motion reflects the final and binding agreement between the Parties. *Id.*

## B. Negotiation and Settlement Terms

Plaintiff and Defendants engaged in "vigorous arm's-length negotiations" in coming to the terms memorialized in the Settlement Agreement. ECF No. 87-1, Pl.'s Mot., at 19. Lead Plaintiff has agreed to settle and release the claims asserted "[b]ased upon their investigation, prosecution, and the early neutral evaluation of the case." ECF No. 87-3 ("Settlement Agreement") at 6.

The Settlement Agreement provides for a Settlement Amount of $900,000 "to be made into an escrow account specified by Lead Plaintiff. Settlement Agreement at 17. The Settlement Agreement provides that the total Settlement Amount will be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court. *Id.* In the Motion, Plaintiff's counsel estimates a gross average recovery of $0.05 per damaged share for each Settlement Class Member (less the deduction of Court-approved fees, expenses, and costs of notice and claims administration). Pl.'s Mot., at 26.

Plaintiff seeks appointment of a Claims Administrator. *Id.* at 21. Settlement Class Members may be ascertained through Defendants' records. *Id.* After BofI provides "to the Claims Administrator in electronic format . . . its reasonably available lists (consisting of names and addresses) of the holders of BofI Securities during the Settlement Class Period," the Claims Administrator would mail the Notice and Proof of Claim Form to those members of the Settlement Class as may be identified through reasonable effort. Settlement Agreement at 22. Each Settlement Class Member will be required to submit a Claim Form, to be reviewed by the Claims Administration. The proposed Proof of Claim form is attached to Plaintiff's motion as Exhibit A-2. *See* ECF No. 87-6. The Claim Administrator "shall determine in accordance with [the Settlement Agreement] and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court." *Id.* at 24. Any Settlement Class Members who do not submit a

Claim Form "shall be forever barred from receiving any distribution from the Net Settlement Fund." *Id.* at 24. Further, "Claim Forms that do not meet the submission requirements may be rejected," but "[p]rior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted." *Id.*

The Settlement Agreement provides that, following the Court's entry of Judgment in this Action and the effective date of the Settlement, any Settlement Class Member who does not submit a valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will be otherwise bound by the terms of the Settlement Agreement "and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against Settling Defendants or the Settling Defendants' Releasees with respect to the Released Plaintiff's Claims." *Id.* at 23. Payment pursuant to the Class Distribution Order "shall be final and conclusive against all Settlement Class Members." *Id.* at 25. The Agreement also provides that "[n]o person or entity shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, the Claims Administrator or any other agent designated by Lead Plaintiff's Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the [Settlement Agreement], the Plan of Allocation approved by the Court, or any order of the Court." *Id.* at 26.

The Proposed Notice, attached to the Settlement Agreement as Exhibit A-1, discloses material information to a Settlement Class Member's decision whether to accept, object to, or opt out of the Settlement, including: (1) the proposed Settlement Class; (2) the terms and provisions of the Amended Stipulation, including the Settlement Among; (3) the relief to the Settlement Class and releases to Defendants and Defendants' Releasees that the Settlement will provide; (4) the maximum award of attorney's fees and reimbursement of reasonable expenses to Lead Counsel; (5) the date, time and place (to be decided by the Court) of the hearing on Final Approval of class action settlement; and

(6) the procedures and deadlines for opting out of the settlement or submitting comments or objections. *Id.* at 26.

The Settlement Agreement releases:

> [A]ny and all claims, demands, rights, causes of action, and liabilities, whether based in law or equity, arising under federal, state, local, statutory or common law or any other law, rule or regulation including both known and Unknown Claims, that arise out of or relate in any way to the institution, prosecution, or settlement of claims asserted in this Action against the Defendants, including under Rule 11 of the Federal Rules of Civil Procedure or for any other fees or cost shifting. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement, any claims between or among the Defendants and Settling Defendants' Releasees, any claims between the Defendants and Settling Defendants' Releasees and their respective insurers, or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

ECF No. 91-1, Exhibit A-1 ("Proposed Notice"), at 18-19.[1] With respect to the released claims, Settlement Class Members also waive rights under California Civil Code § 1542.

## II.    DISCUSSION

### A. Legal Standard

The Ninth Circuit has a strong judicial policy that favors settlements in class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). However, when the parties settle before class certification, the court must "peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).  To that end, a reviewing court must engage in two, separate inquiries: (1) whether the proposed class meets the certification requirements and (2) whether the proposed settlement is "fundamentally fair, adequate, and reasonable." *Id.* At the preliminary approval stage, the

---

[1] When Lead Plaintiff filed the motion for preliminary approval, the Proposed Notice Form was attached to the motion at ECF No. 87-5. Before the hearing on this matter, Plaintiff filed an Amended Notice Form, which appears at ECF No. 91-1.

reviewing court considers whether it is likely to approve of the proposal and certify the class.  Fed. R. Civ. P. 23(e)(1)(B).

### B. Provisional Class Certification under Rule 23

Federal Rule of Civil Procedure ("Rule") 23 establishes four prerequisites for class certification: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a).  Under Rule 23(b)(3), common questions must predominate over individual questions, Fed. R. Civ. P. 23(b)(3), and the class action device must be "superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* The Court does not finally certify a class when granting preliminary approval of a settlement for the purpose of directing notice to class members, but rather determines whether "the court will *likely* be able to . . . certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B) (emphasis added).

Plaintiff seeks conditional certification of a Class defined as "all persons or entities who or which purchased or otherwise acquired BofI Securities during the Class Period set forth in the Second Amended Complaint, and were allegedly damaged thereby." Pl.'s Mot. at 10.  Plaintiff argues that the requirements of Rule 23(a) are met such that the Class can be certified for the purposes of settlement. *Id.* at 9-13.

### 1. Numerosity

The numerosity requirement under Rule 23(a)(1) is met if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "As a general matter, courts have found that numerosity is satisfied when class size exceeds 40 members, but not satisfied when membership dips below 21." *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 654 (C.D. Cal. 2000).  Plaintiff notes that because this Action "involve[es] nationally traded stocks," Pl.'s Mot. at 10, this is a case where "the exact size of the proposed class is unknown, but general knowledge and common sense indicate it is large, the numerosity requirement is satisfied." *Vinh Nguyen v. Radient Pharm. Corp.*, 287 F.R.D. 56, 569 (C.D. Cal 2012). Indeed, "[w]here several million shares of stock were purchased during the class period, courts regularly find that class members are

sufficiently numerous to render joinder impracticable." *In re Silver Wheaton Corp. Sec. Litig.*, No. 15 Civ. 5146 (CAS) (JEMx), 2017 WL 20139171, at *6 (C.D. Cal. May 11, 2017). Joinder of this number of plaintiffs is clearly impractical, and courts have certified classes with far fewer members. *See Immigrant Assistance Project of Los Angeles Cty. Fed'n of Lab. (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 869 (9th Cir. 2002) (citing *Jordan v. Cty. of Los Angeles*, 669 F.2d 1311, 1319, n.10 (9th Cir. 1982)). The numerosity requirement is therefore satisfied.

### 2. Commonality

Rule 23(a)(2) requires the existence of "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is established if plaintiffs and class members' claims "depend upon a common contention . . . capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

Here, Settlement Class Members are those individuals who purchased or otherwise acquired BofI securities during the relevant period of time. There are clear questions that are common to all class members, including: (1) whether the federal securities laws were violated by Defendants' acts; (2) whether statements made by Defendants to the investing public during the Settlement Class Period misrepresented material facts about the business and operations of BofI; (3) whether Defendants caused BofI to issue false and misleading statements during the Settlement Class Period; (4) whether Defendants acted knowingly or recklessly in issuing false and misleading statements; (5) whether the prices of BofI securities during the Settlement Class Period were artificially inflated because of Defendants' conduct; and (6) whether the members of the Class have sustained damages and, if so, what is the proper measure of damages." SAC ¶ 156. It is indisputable that the proposed class meets Rule 23(a)(2)'s commonality requirement. *See Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1165 (9th Cir. 2014) ("[A] class meets Rule 23(a)(2)'s commonality requirement when the common questions it has raised are apt to drive the

resolution of the litigation, no matter their number.") (internal quotation marks and citation omitted).  The Court therefore finds that the proposed class meets the commonality requirement.

### 3. Typicality

Rule 23(a)(3)'s typicality requirement will be satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The named plaintiff must be a member of the class they seek to represent and must "possess the same interest and suffer the same injury" as putative class members. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) (internal quotations omitted). The representative claims are typical if they are "reasonably co-extensive with those of absent class members," though they "need not be substantially identical."  *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). Here, Lead Plaintiff David Grigsby was appointed as Lead Plaintiff.[2] ECF No. 15. As described in his motion not for appointment as Lead Plaintiff, Mr. Grigsby alleged he lost more than $90,000 as a result of the alleged fraud during the Class Period. ECF No. 3-1 at 5. Mr. Grigsby's claims are typical of the putative class because he "purchased shares of BofI securities in reliance upon the materially false and misleading statements issued by [D]efendants and w[as] injured thereby," and "suffered a substantial loss" of more than $90,000. *Id.* at 10. Thus, Mr. Grigsby's claims for damages were based upon the same allegations outlined in the Second Amended Complaint. *See* SAC ¶ 156.

### 4. Adequacy

Under Rule 23(a)(4), representative parties must be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In analyzing whether Rule 23(a)(4) has been met, the Court must ask two questions: "(1) do the named plaintiffs and

---

[2] As of January 12, 2021, Mr. Grigsby is the only remaining Lead Plaintiff in this action. *See* ECF No. 57.

their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012) (citation omitted). The adequacy of representation requirement is designed to deny certification in instances of "actual fraud, overreaching, or collusion." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (emphasis in original).

It does not appear that Plaintiff has any interests that are in conflict with the Settlement Class. Plaintiff's counsel, attorneys Pomerantz LLP are experienced securities litigators who have litigated numerous securities class actions on behalf of stakeholders in district courts throughout the country. *See* ECF No. 87-9, Firm Resume (Ex. 2) at 2-10. There is no indication that Plaintiff or his counsel will not continue to prosecute this lawsuit vigorously. The Court therefore concludes the adequacy requirement is met for the purposes of conditional certification.

### 5. Predominance

Finally, to certify a class under Rule 23(b)(3), the Court must find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Predominance tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). For settlement purposes, a class settlement is superior to other available methods for a fair resolution of the controversy because the class mechanism will reduce litigation costs and promote greater efficiency. In a class action settlement, the Court need not address whether the case, if tried, would present issues of manageability under Rule 23(b)(3)(D). *Amchem*, 521 U.S. at 620.

Here, Defendants' liability depends on whether Defendants violated securities laws, and whether they acted with the requisite scienter and whether Defendants''

conduct caused damages to Lead Plaintiff and the Settlement Class. These questions predominate over any individualized inquires that may exist as to any individual class members in this litigation. Plaintiffs contend that such questions predominate over any individualized inquiries that may exist in this litigation. Pl.'s Mot. at 13. "The common questions of whether misrepresentations were made and whether Defendants had the requisite scienter predominate over any individual questions of reliance and damages." *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 641 (C.D. Cal. 2009). Damages may differ among each member of the Settlement Class, but liability can be determined on a classwide basis. *See id.* at 640 "Defendants' alleged misrepresentations during the Settlement Class Period affected all investors alike and proof of falsity, materiality, scienter, and loss causation relies on common, class-wide proof." Pl.'s Mot. at 13 (citing *Schleicher v. Wendt*, 618 F.3d 679, 682, 685, 687 (7th Cir. 2010)). And such proof goes to alleged misrepresentations that "affect[ed] [all] investors alike," *Schleicher*, 618 F.3d at 682. The proposed class satisfies predominance for the conditional purpose of settlement approval.

### C. Preliminary Approval of Class Action Settlement

Federal Rule of Civil Procedure 23(e) requires judicial approval for any proposed class action settlement. Before approving a proposed class action settlement, a court must find that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e). Such an evaluation is made in the context of the "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In Re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). At the preliminary approval stage, the question is whether approval under the "fair, reasonable, and adequate" standard is likely. Fed. R. Civ. P. 23(e)(1)(B). Any fairness determination requires the Court to "focus[ ] primarily upon whether the particular aspects of the decree that directly lend themselves to pursuit of self-interest by class counsel and certain members of the class—namely attorney's fees and the distribution of any relief, particularly monetary relief, among class members—strictly comport with substantive and procedural standards designed to protect

the interests of class members." *Staton*, 327 F.3d at 960.  Courts evaluate the "settlement as a whole, rather than assessing its individual components." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012).

Rule 23(e) was amended in 2018 to create uniformity amongst the circuits and to focus the inquiry on whether a proposed class action is "fair reasonable, and adequate." Fed. R. Civ. P. 23(e), advisory committee notes (2018 amendment).  As amended, Rule 23(e) provides that a court may approve a proposed class action settlement after considering whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
>> (i) the costs, risks, and delay of trial and appeal;
>> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>> (iv) any agreement required to be identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2). The first and second factors are viewed as "procedural" in nature, and the third and fourth factors are viewed as "substantive" in nature. Fed. R. Civ. P. 23(e)(2), advisory committee notes (2018 amendment).

For the reasons that follow, the Court finds that the Settlement Agreement reached by the Parties is likely fair, reasonable, and adequate, and GRANTS preliminary approval of the class action settlement.

### 1.  Adequacy of Representation

Rule 23(e)(2)(A) requires the Court to consider whether "the class representatives and class counsel have adequately represented the class."  Fed. R. Civ. P. 23(e)(2)(A). This analysis is "redundant of the requirements of Rule 23(a)(4) and Rule 23(g), respectively."  4 William B. Rubenstein, Newberg on Class Actions § 13:48 (5th ed.

3:17-CV-667-GPC-MSB

2020); *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 701 (S.D.N.Y. 2019) (noting similarity of inquiry under Rule 23(a)(4) and Rule 23(e)(2)(A)).

The Court found above that Plaintiff and his counsel adequately represent the class for the purposes of conditional class certification.  For the same reasons, the Court finds that the adequacy of representation requirement under Rule 23(e)(2)(A) is likely met.

### 2.  Arm's Length Negotiation

Rule 23(e)(2)(B) requires the Court to consider whether "the proposal was negotiated at arm's length."  Fed. R. Civ. P. 23(e)(2)(B). This Action was commenced in 2017, and the Parties have conducted extensive discovery. Plaintiff's counsel asserts the Settlement Agreement "was achieved only after intense arm's-length negotiations, including months of correspondence and discussions." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) ("A settlement following sufficient discovery and genuine arms-length negotiation is presumed fair."). Given the length of this litigation, the Court finds it appropriate for "[g]reat weight [to be] accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation, *id.* at 528. Here, "Lead Counsel recommends that the Court approve the Settlement, which represents a great outcome for the Settlement Class Members." Pl.'s Mot. at 20. The Court concludes, for the purpose of preliminary approval, that this factor is likely satisfied.

### 3.  Adequacy of Relief Provided to the Class

Rule 23(e)(2)(C) requires that the Court consider whether "the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)."  Fed. R. Civ. P. 23(e)(2)(C).  The amount offered in the proposed settlement agreement is generally considered to be the most important consideration of any class settlement. *See Bayat v. Bank of the West*, No. C-13-2376

EMC, 2015 WL 1744342, at *4 (N.D. Cal. Apr. 15, 2015) (citing *In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1178–79 (9th Cir. 2013)).

The Parties have agreed to settle this case for an amount of $900,000. Settlement Agreement at 17. Any deductions for attorney's fees, and costs of notice are to be deducted from the Settlement Amount, only by the Court's approval upon motion by Lead Plaintiff. As a percentage of estimated damages, the Settlement Amount is well above the median percentage of the recovery level for investor losses in securities class action settlements. *See In re Omnivision*, 559 F. Supp. 2d at 1042 (approving 6% recovery of maximum damages) (citing *In re Heritage Bond Litig.*, No. 02-ML-1475 (DT), 2005 WL 1594403, at *8–9 (C.D. Cal. June 10, 2005) (average recovery between 2% to 3% of maximum damages))

### a. Costs, risks, and delay of trial and appeal

"To evaluate adequacy, courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007). While a settlement need not compensate class members for the maximum value of their claims, there is no fixed percentage of the potential recovery that renders a settlement amount reasonable. *See In re Baan Co. Sec. Litig.*, 284 F. Supp. 2d 62, 65 (D.D.C. 2003) (citing *In re Newbridge Networks Sec. Litig.*, 1998 WL 765724, at *2 (D.D.C. Oct. 23, 1998)).  The Court therefore must examine whether the Settlement Agreement will likely adequately compensate the class given the costs, risks, and delay of trial and appeal based on the facts of this case.

 Here, the Settlement Amount is $900,000. Settlement Agreement at 17. In the Motion, Plaintiff's counsel estimates a gross average recovery of $0.05 per damaged share for each Settlement Class Member (less the deduction of Court-approved fees, expenses, and costs of notice and claims administration). Pl.'s Mot. at 26. Further "[u]nder the Settlement, Defendants will pay $900,000, which represents almost 4.5 times of the approximately $200,000 in estimated aggregate damages under a conservative damages

analysis, and almost 21% of the approximately $4,300,000 under an aggressive (but more challenging to prove) damages analysis." *Id.* at 20.

And "[w]hile Lead Plaintiff and Lead Counsel believe that the Second Amended Complaint is strong, success before the Court is in no way assured." Pl.'s Mot. at 18. Courts must "consider the varies of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation. *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 528, 526 (C.D. Cal. 2004). Based on the risks of litigation, Plaintiff contends that the settlement provides adequate relief to the proposed class, especially considering the fact that Lead Plaintiff "would still need to engage in lengthy fact discovery and clear the substantial hurdle of seeking class certification. Also ever-present is the risk that Lead Plaintiff's claims may be defeated at summary judgment or trial, or on appeal." Motion at 18. Based on those potential risks, Plaintiff contends that the settlement amount provides adequate relief to the class. Indeed, "Lead Plaintiff estimates that the Settlement returns 4.5 times the among of estimated damages (using the low end of damages models) or almost 21% (using the high end of damages models)," which is a greater recovery than similar class actions. Pl.'s Mot. at 7; *see e.g. In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) (approving a settlement that provided class with 6% recovery of maximum damages exposure).

This case presents complex issue that would need to be litigated, and it is not clear from this stage in the litigation which side would prevail. For example, as Lead Plaintiff states, there would still be class certification, summary judgment, trial and appeal to contend with. Pl.'s Mot. at 21. And each side would need to bear its own costs through each stage. *Id.* More specifically, legal and factual determinations on issues like scienter and loss causation would certainly place each side at risk of rulings and findings that go in the other Party's favor. As such, "the Settlement Amount presents a substantial benefit to the Settlement Class." *Id.* Thus, the Settlement would provide substantial recovery. Lead Plaintiff asserts that this agreement, reached through extensive negotiation, "reflects

concessions by both Defendants and Lead Plaintiff that are reasonable and fair, and that the Settlement is in the best interest of the Settlement Class," taking into account the complexities of prosecuting this case. *Id.*

Accordingly, although the settlement amount is only a portion of Defendant's maximum potential exposure according to Plaintiff's calculations, the relief appropriately accounts for the not insubstantial risk that Plaintiff and the class would recover nothing on some or all claims. *Cf. Mejia v. Walgreen Co.*, No. 2:19-CV-00218 WBS AC, 2021 WL 1122390, at *4–5 (E.D. Cal. Mar. 24, 2021) (finding that existence of potential defenses weighs in favor of finding reasonable the proposed settlement amount of approximately 22.37% of maximum possible recovery). Additionally, proceeding to trial and through any resulting appeal would bring further costs and delay. The Court therefore concludes that the costs and risks of proceeding with litigation likely renders the agreed-upon settlement amount, at 21% of Defendant's maximum potential liability, adequate relief for the class as a whole. *See Viceral v. Mistras Grp., Inc.*, No. 15-CV-02198, 2016 WL 5907869, at *3, 7 (N.D. Cal. Oct. 11, 2016) (approving a California wage and hour settlement where the class received 11.6% of the estimated total liability, or approximately $29 per work week); *Leverage v. Traeger Pellet Grills, LLC*, No. 16-CV-00784, 2017 WL 2797811, at *7 (N.D. Cal. June 28, 2017) (approving a California wage and hour settlement where the class received 18% of the estimated total liability).

### b. Effectiveness of proposed method of distributing relief

Plaintiff's plan for distributing relief to and allocating the Settlement Amount among Settlement Class Members is detailed in the Proposed Notice, attached to Plaintiff's Motion as Exhibit A-1. ECF No. 91-1, Proposed Notice. As detailed above, Settlement Class Members will be ascertained through Defendants' records. Pl.'s Mot. at 21. After BofI provides "to the Claims Administrator in electronic format . . . its reasonably available lists (consisting of names and addresses) of the holders of BofI Securities during the Settlement Class Period," the Claims Administrator would mail the Notice and Proof of Claim Form to those members of the Settlement Class as may be

identified through reasonable effort. *Id.* at 22. Each Settlement Class Member will be required to submit a Claim Form, to be reviewed by the Claims Administration. The proposed Claim form is attached to Plaintiff's motion as Exhibit A-2. *See* ECF No. 87-6. The Claim Administrator "shall determine in accordance with [the Settlement Agreement] and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court." Pl.'s Mot. at 24. Any Settlement Class Members who do not submit a Claim Form "shall be forever barred from receiving any distribution from the Net Settlement Fund." *Id.* at 24. Further, "Claim Forms that do not meet the submission requirements may be rejected," but "[p]rior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted." *Id.* Each class member's allocation of the Net Settlement Fund Distribution Amount will be distributed by check, and the Claims Administrator will make efforts to ensure Authorized Claimants cash their distribution checks. *Id.* at 29. Thus, the method of distributing relief is simple and effective. *See Walters v. Target Corp.*, No. 3:16-CV-1678-L-MDD, 2019 WL 6696192, at *6–7 (S.D. Cal. Dec. 6, 2019); *Valenzuela v. Walt Disney Parks & Resorts U.S., Inc.*, No. SACV171988JVSDFMX, 2019 WL 8647819, at *8 (C.D. Cal. Nov. 4, 2019).

### 4.  Equitable Treatment of Class Members

Rule 23(e)(2)(D) requires the Court to consider whether the Settlement Agreement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). In doing so, the Court determines whether the settlement "improperly grant[s] preferential treatment to class representatives or segments of the class." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007). "Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e)(2)(D), advisory committee notes (2018 amendment); *see also* 4 William B.

Rubenstein, Newberg on Class Actions § 13:56 (5th ed. 2020) ("Put simply, the court's goal is to ensure that similarly situated class members are treated similarly and that dissimilarly situated class members are not arbitrarily treated as if they were similarly situated.").

### a. Equity among class members

In the Proposed Notice, Lead Plaintiff and Lead Counsel state: "assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described herein) per eligible share is $0.05. Proposed Notice at 5. Here, the Claims Administrator will determine each Authorized Claimant's share of the Net Settlement Fund based upon the "Recognized Loss" formula. Proposed Notice at 22. The Recognized Loss will be calculated for each share of the BofI common stock purchased or otherwise acquired during the Settlement Class Period, March 14, 2016 and October 24, 2017. *Id.* Plaintiff's Recognized Loss formula is detailed in the Proposed Notice, for each time period during which a share of BofI stock was purchased or otherwise acquired, and when it was sold. *Id.* at 24-26. For example, the Recognized Loss of a share that was purchased during the period of March 14, 2015 through October 24, 2017 has a Recognized Loss per share calculated as: "the amount of per-share price inflation on the date of purchase . . . minus the amount of per-share price inflation on the date of sale," *id.* at 24, based on the calculations which appear in Table 1 of the Proposed Notice, *id.* at 23.

A Claimant's "Recognized Claim" under the Plan of Allocation is the sum of Recognized Losses for all shares of BofI securities during the Settlement Class Period. *Id.* at 26-27. The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of Recognized Claims. Proposed Notice at 27. A "Distribution Amount" will be calculated for each Authorized Claimant, which is equal to the Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. *Id.* And if any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be

included in the calculation and no distribution will be made to that Authorized Claimant. *Id.* Each class member's Distribution Amount will be distributed by check, and the Claims Administrator will make efforts to ensure Authorized Claimants cash their distribution checks. *Id.* at 29. Any funds that remain after six months will be redistributed to Authorized Claimants who cashed their checks and would receive at least $10.00 in re-distribution, *if* Lead Counsel and the Claims Administrator determine it would be cost-effective to engage in such re-distribution. *Id.* Additional re-distribution could follow. *Id.*

The Settlement Agreement specifically states that "[t]he Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or this Stipulation that any particular plan be approved by the Court. Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action," and Defendants agreed to "not object in any way to the Plan of Allocation or any other plan of allocation in this Action." Settlement Agreement at 22.

### b. Equity between unnamed members and class representative

The Court also considers whether any proposed service payment or incentive award for a named or lead plaintiff is equitable. Additional payments to class representatives or named plaintiffs, often referred to as incentive awards, generally do not render a settlement inequitable because such payments reflect that these plaintiffs have contributed efforts to benefit the class while bearing the risk of nonrecovery and retaliation. *See Staton*, 327 F.3d at 977. However, courts have refused to countenance settlements that provide for excessively high incentive awards or that give only *de minimis* relief to the rest of the class. *See id.* at 948, 978 (finding settlement inequitable where class representatives and other "active participants" were to receive up to $50,000 in incentive awards each and collectively receive more than half of the total monetary award despite representing less than 2% of the class).

Here, Lead Plaintiff and Lead Counsel have not made the Court aware of any proposed service payment or incentive award for Lead Plaintiff. Since no award is contemplated, the Court finds that the Settlement Agreement likely provides equitable relief to all class members based on the loss they incurred as a result of Defendants' alleged actions.

### 5.   Attorney Fees and Administrator Fees

#### a.   Terms of proposed award of attorney's fees

"While attorneys' fees and costs may be awarded in a certified class action where so authorized by law or the parties' agreement, Fed. R. Civ. P. 23(h), courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *Bluetooth*, 654 F.3d at 941. Courts are wary of "clear sailing agreements," in which the defendant agrees not to oppose a fee motion as long as it does not exceed a set amount, because of the concern that counsel may have "bargained away something of value to the class" in exchange. *See id.* at 947–48 (quoting *Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 525 (1st Cir. 1991)).

The Proposed Notice to Settlement Class Members informs class members that Lead Plaintiff's Counsel has been prosecuting the Action on a contingent basis since 2017, and have not received any payment of fees for their representation thus far. Proposed Notice at 5. Lead Counsel "will apply to the Court for an award of attorneys' fees for all Lead Plaintiff's Counsel in an amount not to exceed 25% of the Settlement Fund plus interest," as well as reimbursement for litigation costs, not to exceed $120,000. *Id.* at 5-6. The estimated average cost per affected share of BofI common stock, if the Court approves Lead Counsel's fee and expense application, is $0.02 per eligible share. Proposed Notice at 6.

The Court need not determine at the preliminary approval stage whether it will ultimately approve an award in the range of the 25% set out by Lead Plaintiff.  It is sufficient for the Court to conclude that this is not a situation in which the attorney's fee

3:17-CV-667-GPC-MSB

estimate in the Settlement Agreement is so out of proportion with the relief provided to the class that it "calls into question the fairness of the proposed settlement." *Pokorny v. Quixtar Inc.*, No. 07-0201 SC, 2011 WL 2912864, at *1 (N.D. Cal. July 20, 2011). In any event, the Settlement Agreement is not conditioned on any particular award of attorney's fees.

For the purposes of preliminary approval, the Settlement Agreement's Attorneys' Fees and Expenses provision (ECF No. 91-1, Proposed Notice, at 5) does not present a barrier to finding the Settlement Agreement fair, adequate and reasonable.

### b. Claim Administration Fees

As detailed above, the Proposed Notice Form provides information material to a class member's decision whether or not to accept, object to, or opt out of the Settlement Agreement between the Parties. However, from the Court's review, the Proposed Notice Form does *not* include any information about any proposed payment to the Claims Administrator. By contrast, the Proposed Order submitted by Lead Plaintiff and Lead Counsel includes a provision that states: "The Escrow Agent may, at any time after entry of this Order and without further approval from Settlement Defendants or the Court, disburse at the direction of Lead Counsel up to $200,000.00 for all reasonable costs incurred in identifying Class Members and notifying them of Settlement and administering the Settlement. ECF No. 87-4 ("Proposed Order") at 13. The Parties have agreed to settle this case for $900,000, and the disbursement to class members will depend on the deduction of fees and costs. This provision for Claim Administration fees—which does not appear in the Proposed Notice Form—could reduce the settlement among by up to approximately 22%, and is therefore significant.

Given these circumstances, the Court directs that the Proposed Notice Form must inform class members of the potential maximum amount of administrator fees. Further, at this time, the Court is not prepared to approve the proposed language granting Lead Counsel with the discretion to authorize disbursement, without further approval from the Court, of up to $200,000.00 for reasonable costs incurred in identifying Class Members

and notifying them of Settlement and administering the Settlement. This Court will make the determination regarding the reasonableness of such fees at the final approval hearing.

### c.  Agreements made in connection with the proposal

Rule 23(e)(3) requires that the Parties "must file a statement identifying any agreement made in connection with the [settlement] proposal."  Fed. R. Civ. P. 23(e)(3). Plaintiff has not identified any such agreement and the Court is not aware of any other agreements. *See generally* Pl.'s Mot.

### III.   CONCLUSION

For the reasons discussed in this Order, the Court:

1. Provisionally approves certification of the proposed Settlement Class for the purposes of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3);

2. Conditionally approves of the Proposed Notice Form (as it appears in ECF No. 91-1, Exhibit A-1) subject to revisions consistent with the Court's Order. Lead Plaintiff is instructed to re-submit a Proposed Notice Form that clarifies the deductions for all fees and costs.

3. Approves of the Proof of Claim Form (as it appears in ECF No. 87-6, Exhibit A-2);

4. Approves of the Plan of Allocation detailed by Lead Plaintiff and Lead Counsel in their moving papers;

5. GRANTS preliminary approval of Parties' Settlement Agreement (as it appears in ECF No. 87-3, Exhibit 1) to resolve this Action, subject to further consideration at the Final Approval Hearing.

6. The Court will hold a settlement hearing on **<u>Friday, September 23, 2022 at 1:30 p.m. in Courtroom 2D</u>**. The hearing will take place at: **United States District Court for the Southern District of California, Edward J. Schwartz United States Courthouse, 221 West Broadway, San Diego, CA  92101**. The hearing will be held for the Court to determine: (a) whether the proposed

Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) whether a Judgment should be entered dismissing the Action with prejudice against Defendants; (c) whether the proposed Plan of Allocation for the Proceeds of the Settlement is fair and reasonable and should be approved; (d) whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, which may include an application for reimbursement of the reasonable costs and expenses by Lead Plaintiff, and/or an application for Administrator fees, should be approved; and (e) consider any other matters that may properly be brought before the Court in connection with the Settlement. The Notice of (I) Pendency of Class Action and Proposed Settlement[3]; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Fees and Reimbursement of Litigation Expenses, including notice of the incentive award for Lead Plaintiff and Claim Administration fees shall be given to the Settlement Class Members;

7. Lead Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims. Notice shall be given by Lead Counsel as follows:

   a. within seven (7) calendar days of entry of this Order, BofI shall provide or cause to be provided to the Claims Administrator in electronic format, such as an Excel spreadsheet, (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its reasonably available lists

---

[3] Subject to the required revisions consistent with this Court's Order.

3:17-CV-667-GPC-MSB

(consisting of names and addresses) of the holders of BofI common stock shares during the Settlement Class Period;

b. (b) not later than twenty (20) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim Form ("Claim Form"), substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by BofI or in the records which BofI caused to be provided, or who otherwise may be identified through further reasonable effort;

c. contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

d. not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in GlobeNewswire; and

e. not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on the Settling Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. Approval of Form and Content of Notice: The Court (a) approves, as to form and content, the Notice[4], the Claim Form, and the Summary Notice, and (b) finds that the mailing and distribution of the Notice and Claim Form and the

---

[4] Conditional upon Lead Plaintiff's revisions to comply with this Order, specifically the inclusion of *all* possible deductions from the Settlement Amount.

publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses including any application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Settlement Class, and including any application for the costs and expenses incurred by the Claims Administrator, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses (including any reimbursement to Lead Plaintiff), of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.  Nominee Procedures: Brokers and other nominees who purchased or otherwise acquired BofI common stock shares during the Settlement Class Period for the benefit of another person or entity shall: (a) within seven (7) calendar days of receipt of the letter, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners/purchasers and within seven (7) calendar days of receipt of those Notice Packets forward them

3:17-CV-667-GPC-MSB

to all such beneficial owners/purchasers; (b) within seven (7) calendar days of receipt of the letter, request from the Claims Administrator the link to the location hosting the electronic Notice Packet and, within seven (7) calendar days of receipt, email the link to beneficial owners/purchasers for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of the letter, send a list of the names, addresses, and/or email addresses of all such beneficial owners/purchasers to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners/purchasers. Where the Claims Administrator receives a valid email address, they shall email the link to the location of the electronic Notice Packet to beneficial owners/purchasers. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, in an amount not to exceed $0.05 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; or $0.05 per Notice Packet transmitted by email; or $0.05 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. Participation in the Settlement: Settlement Class Members who wish to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or electronically submitted no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding

3:17-CV-667-GPC-MSB

the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the

3:17-CV-667-GPC-MSB

Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Lead Plaintiff's Claims against each and all of the Settling Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above

13. Exclusion From the Settlement Class - Any member of the Settlement Class who wishes to exclude himself, herself or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to the following recipients: (i) Mandalevy v. BofI Holding, Inc., EXCLUSIONS, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063, toll free number: (866) 274- 4004, Fax: (610) 565-7985, email: info@strategicclaims.net, and (ii) both Lead Counsel and Settling Defendants' Counsel, at the addresses set forth in paragraph 17 below; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in Mandalevy v. BofI Holding, Inc., 3:17-cv-00667-GPC-KSC"; (iii) state the number of BofI common stock shares that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Lead Plaintiff's Claims against any of the Settling Defendants' Releasees, as more fully described in the Stipulation and Notice.

16. Appearance and Objections at Settlement Hearing - Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Settling Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement of the reasonable costs and expenses to Lead Plaintiff) and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Lead Plaintiff) should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Settling Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| Clerk's Office | Lead Counsel | Settling Defendants' Counsel |
|---|---|---|
| United States District Court for the Southern District of California<br><br>Clerk of Court<br>United States District Court<br>Southern District of California<br>333 West Broadway, Suite 420<br>San Diego, CA 92101 | Pomerantz LLP<br>Jeremy A. Lieberman, Esq.<br>600 Third Avenue<br>20th Floor<br>New York, NY 10016 | Sheppard, Mullin, Richter & Hampton, LLP<br>John P. Stigi III<br>1901 Avenue of the Stars<br>Suite 1600<br>Los Angeles, CA 90067 |

18. Any objections, filings and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections,

3:17-CV-667-GPC-MSB

and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (c) state the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case; and (d) must include documents sufficient to prove membership in the Settlement Class, including the number of BofI common stock shares during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19. Any Settlement Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Lead Plaintiff) and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses (including reimbursement to Lead Plaintiff), or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20. Stay and Temporary Injunction: Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final

3:17-CV-667-GPC-MSB

determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Lead Plaintiff's Claims against each and all of the Settling Defendants' Releasees.

21. Settlement Administration Fees and Expenses: Upon requesting and receiving permission from the Court, the Escrow Agent may disburse all reasonable costs (up to $200,000) incurred in identifying Settlement Class Members and notifying them of the Settlement and administering the Settlement.

22. Settlement Fund: The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. Taxes: Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24. Termination of Settlement: If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of December 8, 2021 (the date of the Memorandum of Understanding), as provided in the Stipulation.

25.  Use of this Order: Neither this Order, the Memorandum of Understanding, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Memorandum of Understanding and the Stipulation, nor any proceedings taken pursuant to or in connection with the Memorandum of Understanding, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Settling Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Settling Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Settling Defendants' Releasees or in any way referred to for any other reason as against any of the Settling Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Lead Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Lead Plaintiff's Releasees that any of their claims are without merit, that any of the Settling Defendants' Releasees had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Lead Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be

33

necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26. Supporting Papers: Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Lead Plaintiff and payment of Claims Administrator fees) on or before **July 29, 2022**; Reply papers, if any, shall be filed no later than fourteen (14) calendar days prior to the Settlement Hearing.

27. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**IT IS SO ORDERED.**

Dated: May 17, 2022

Hon. Gonzalo P. Curiel
United States District Judge

34